FILED
U.S. District Court
District of Kansas

FEB 9 2023

Clerk, U.S. District Court
By_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## District of Kansas

UNITED STATES OF AMERICA,

    Plaintiff,

v.    CASE NO. 23-6034-01-GEB

MARKEECE ANDERSON,
aka "ACTION"

    Defendant.

## COMPLAINT

**THE UNITED STATES ATTORNEY CHARGES:**

### COUNT 1

**Sex Trafficking by Force, Fraud, or Coercion**
**18 U.S.C. § 1591(a)**

On or about May 18, 2022, in the District of Kansas, the defendant,

**MARKEECE ANDERSON,**

recruited, enticed, harbored, transported, provided, obtained, advertised, and maintained another person (that is, JANE DOE, an individual known to law enforcement), in and affecting interstate commerce, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion would be used to cause that person to engage in a commercial sex act, all in violation of Title 18, United States Code § 1591(a)(1).

## COUNT 2

**Sex Trafficking by Force, Fraud, or Coercion
18 U.S.C. § 1591(a)**

On or about February 8, 2023, in the District of Kansas, the defendant,

**MARKEECE ANDERSON,**

recruited, enticed, harbored, transported, provided, obtained, advertised, and maintained another person (that is, JANE DOE, an individual known to law enforcement), in and affecting interstate commerce, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion would be used to cause that person to engage in a commercial sex act, all in violation of Title 18, United States Code § 1591(a)(1).

I further state that I am a Task Force Officer with Homeland Security Investigations, and that this Complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.**

_____
Dan Oblinger
Task Force Officer (HSI)
Sargent, Vice Section (WPD)

Subscribed and sworn before me in my presence this _____ day of February, 2023.

_____
THE HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge

2

**Counts 1 and 2**

- Punishable by a term of imprisonment of not less than fifteen (15) years and up to life. 18 U.S.C. § 1591(b)(1).

- A term of supervised release of not less than five (5) years and up to life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person. 18 U.S.C. §3014(a)(3).

## AFFIDAVIT

I, Dan Oblinger, am a Sargent with the Wichita Police Department (WPD) Vice Section, and a Task Force Officer with Department of Homeland Security, Homeland Security Investigations (HSI). This criminal complaint is based on the following facts which were obtained from my interviews and observations, as well as from other duly sworn law enforcement officers based on their interviews and observations:

1) On 5/18/2022, the WPD Vice Section conducted an operation targeting sex trafficking and commercial sex enterprises. As part of this operation, WPD Detective Robert Shea identified an online advertisement offering what was understood to be commercial sex acts in exchange for money.

2) Det. Shea engaged in communications with the operator of the online advertisement, and established an agreement that the sex worker would come to Det. Shea's location.

3) The female sex worker arrived at and entered the location which Shea had identified, and the sex worker agreed to a specific act of sex in exchange for cash. At that time, officers arrested the female and learned her identity. The sex worker (hereinafter, JANE DOE) also advised there was a dog in the car in which she arrived.

4) As the weather was hot and humid, officers went to the car in which JANE DOE arrived and conducted a search for the dog. During this search, officers located Markeece ANDERSON hiding in the rear trunk of the Cadillac SUV under blankets.

5) In addition to ANDERSON, three phones were discovered: one in JANE DOE's purse, one in the center console, and one in the rear trunk where Anderson was located. Sgt. Oblinger obtained search warrants for these phones to search for evidence of sex trafficking or promoting the sale of sexual relations.

6) Subsequent examination of the phones showed two phones (one attributed to Anderson and the other to JANE DOE) travelled together to Hawthorne Suites East in Wichita, at 411 S. Webb from 4/6/2022 to 4/19/2022, then the same hotel again on 5/12/2022 to 5/13/2022 and then to Motel 6 West in Wichita at 5736 W. Kellogg Dr from 5/14/2022 to 5/18/2022 when the phones were seized. The phones showed a complex pattern of communication between each other coordinating meeting with individuals responding to the sexually explicit advertisement at the various hotel locations.

7) On 2/7/2023, the WPD Vice Section was again conducting operations to arrest suspects engaged in commercial sex acts. Det. Richard Baker located an advertisement in a Wichita online escorting forum that advertised sexually explicit services, and provided a phone number of 316-376-9745. The advertisement offered "BBBJ" and "GFE," which are commonly used acronyms relating to commercial sex acts. Baker knew from his training and experience that "BBBJ" stands for bare-back blow job, meaning oral sex performed on a male without a condom. "GFE" means "girl-friend experience"

        indicating a specific form of sexual encounter involving kissing and intercourse without a condom.

8) Det. Baker responded to the advertisement, to which the advertiser quoted prices for specific lengths of a sexual encounter. Det. Baker requested a "QV" which means quick visit, a term of art for a brief visit with only one ejaculation. Baker and the advertiser agreed to a "QV" for $80 with BBBJ and sexual intercourse with condom.

9) The advertiser told Det. Baker to come to 411 S. Webb. That is the same Hawthorne Suites as found in the data from the phones, referenced above in paragraph 6.

10) Det. Tejeda messaged the same advertisement and obtained the room number of #121. Sgt. Oblinger arrived to conduct surveillance and saw an older white male wandering as if looking for a location near building #1. He had his phone in his hand. Sgt Oblinger followed the male on foot as he went to the door of #121. He was admitted. He stayed inside and then left after a short time.

11) When Det. Baker arrived, the advertiser sent a series of communications intending to screen him to ensure he was not law enforcement.

12) Sgt. Oblinger went to the night clerk of the hotel and requested to know who was registered to room #121 and learned the registered occupant was JANE DOE, the same name as the female sex worker identified in May 2022. The motel employee told Oblinger that her boyfriend was a black male with short hair, which was a consistent general description for Markeece ANDERSON, who was known to be involved with JANE DOE.

13) Sgt. Oblinger and other uniformed officers saw Markeece ANDERSON walk near building #1 at the hotel. As ANDERSON walked towards the back door of the office, officers approached and arrest him for two active city bench warrants. The officers searched him and found cash and a cell phone.

14) While Sgt. Oblinger was standing in the commons area near building #1, JANE DOE came out of room #121. Sgt. Oblinger arrested JANE DOE for sale of sexual relations. JANE DOE requested to get shoes, and gave Sgt. Oblinger permission to enter #121 to get shoes. In plain view on the table by the door, Sgt. Oblinger saw a cell phone with a green back and a heart shape on the back screen.

15) Det. Baker brought JANE DOE to the room to get her out of the cold and wind. Det. Baker received verbal consent from her to look in the phone, and observed messages between "Action Keece" and JANE DOE. She confirmed Action Keece was Markeece ANDERSON. Det. Baker saw that ANDERSON was messaging JANE DOE to relay what the respondents to the advertisement were telling him, including what Det. Tejeda and Det. Baker had told the advertiser that night. ANDERSON was arranging the dates, the rates, and the sexual acts. ANDERSON was giving JANE DOE detailed counter-surveillance reports of the arriving respondents and then instructing her what to do.

16) Det. Baker called the 2023 advertising phone number and observed that the phone found in Markeece ANDERSON's possession rang and displayed Baker's work phone number. Additionally, now that Det. Baker saw ANDERSON and his apparel (a red track suit), Det. Baker recognized ANDERSON as the driver-side occupant of a silver Hyundai Veloster that had been parked and watching activity at the hotel.

17) JANE DOE told Sgt. Oblinger that she was using her cousin's silver Hyundai Veloster since her normal ride was wrecked. She confirmed that this car was the one Det. Baker had observed.

18) In a later interview with Sgt. Oblinger, JANE DOE disclosed that Markeece ANDERSON, who goes by "Action," had been forcing, defrauding, and coercing her to engage in commercial sex acts in both Texas and Kansas for the last four years.

19) JANE DOE reported ANDERSON would arrange dates, answer the texts of men wanting to meet her, and direct her actions in meeting them and providing sex acts for money, and that he would then take the cash.

20) JANE DOE reported ANDERSON would become angry if he decided she was too slow, she wanted a break, tried to leave, or otherwise defied him. JANE DOE described a variety of physical abuse inflicted by ANDERSON, including choking her until she was lightheaded and (on one occasion) urinated, slapping her, grabbing/pulling her hair, holding her down, ripping two piercings from her chest, and punching her causing her to get "starry."

21) JANE DOE reported that, at times, he would withhold her ID card, Social Security Card, and phone, car, rides, opportunities to spend time or holidays with family, and financial support to coerce her to remain in his employ as a sex worker.

22) JANE DOE further reported that he would promise her jewelry, cars, money, clothing, and other benefits, including lavish lifestyle and personal improvement. Some of this was provided early in their relationship when she started working for him, but this ceased, and she now feels defrauded.

23) JANE DOE told Sgt. Oblinger she wanted to stop doing commercial sex, but she couldn't because he would become angry and force or coerce her to continue.

24) JANE DOE allowed Det. Baker to conducted a more thorough examination of her phone, in which he located photos she had taken of her own physical injuries. He noted that the photos or videos were time stamped and geolocated. She said these injuries were caused by Markeece ANDERSON in the incidents she disclosed to Sgt. Oblinger.

Based on the foregoing, there is probable cause to find MARKEECE ANDERSON has engaged in violations of 18 U.S.C. §1591(a), Sex Trafficking by Force, Fraud, or Coercion.

*[signature]*
Dan Oblinger
Task Force Officer (HSI)
Sargent, Vice Section (WPD)

Subscribed and sworn before me in my presence this ____9th____ day of February 9, 2023.

*[signature]*
HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge